UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN WILLIAM THOMPSON,<br><br>Petitioner,<br><br>v.<br><br>GENA JONES, Acting Warden,[1]<br><br>Respondent. | Case No. 03-cv-02711-JSC<br><br>**ORDER GRANTING MOTION FOR APPOINTMENT OF COUNSEL; APPOINTING COUNSEL; CONTINUING STAY OF PROCEEDINGS PENDING EXHAUSTION OF STATE COURT REMEDIES; AND DIRECTING PETITIONER TO FILE QUARTERLY STATUS REPORTS**<br><br>Re: Dkt. No. 57 |

**INTRODUCTION**

This is a stayed, administratively closed habeas case that was recently reassigned to the undersigned District Judge. (ECF No. 54.)

Petitioner, a state prisoner proceeding *pro se*, initially filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. He then filed an amended petition on May 20, 2004. (ECF No. 10.)

On September 29, 2006, the Honorable Saundra B. Armstrong issued an order granting Petitioner's request for a stay of proceedings while he returned to state court to exhaust his state court remedies as to certain claims. (ECF No. 31.)

Prior to the stay being granted, Petitioner was represented by Joseph Baxter, Esq., who had filed a motion for substitution of counsel on June 12, 2006. (ECF No. 14.) However, Petitioner is no longer represented by Attorney Baxter, whose request to withdraw as counsel of record was granted in November 2020. (ECF Nos. 42, 44.)

---

[1] Gena Jones, the current acting warden of the prison where Petitioner is incarcerated, has been substituted as Respondent pursuant to Rule 25(d) of the Federal Rules of Civil Procedure.

Before the Court is Petitioner's motion for appointment of counsel. (ECF No. 57.) Attorney Baxter has also filed another Notice of Withdrawal, in which he states that if the Court elects to appoint counsel for Petitioner, he will consider appointment. (ECF No. 56 at 1.) For the reasons explained below, the Court finds that the appointment of counsel is warranted in this action and GRANTS Petitioner's motion, as directed below.

## BACKGROUND

Petitioner was convicted on March 13, 1989 in Humboldt County Superior Court of first degree murder and was sentenced to twenty-five years to life in prison. The conviction was affirmed by the California Court of Appeal and the California Supreme Court on direct appeal.

In his amended petition, Petitioner raised two claims, both of which he alleged to have exhausted in state court: (1) that Petitioner was denied the opportunity to present his affirmative defense through the testimony of Ernest Turtle, who allegedly could testify that Petitioner was not the person who shot the victim, and (2) ineffective assistance of counsel. (ECF No. 10.)

On August 3, 2006, with the aid of Attorney Baxter, Petitioner sought a stay of these proceedings to exhaust his state court remedies as to two new claims grounded in purported newly discovered evidence. (ECF No. 21.) Petitioner also requested appointment of counsel on the ground that he was unable to continue paying Attorney Baxter. (*Id.*)

On September 29, 2006, Judge Armstrong granted Petitioner's request for a stay of proceedings, and she directed Petitioner to file a notice in this action within thirty days after the state court proceedings were completed. (ECF No. 31 at 8.) Judge Armstrong also denied Petitioner's request for appointment of counsel. (*Id.*)

Almost fourteen years later, on May 4, 2020, Petitioner, again proceeding *pro se*,[2] filed a "Motion for Leave to Continue Petitioner's Direct Appeal in Accordance to Court Order of Stay and Abeyance," in which he stated his state court proceedings were "complete." (ECF No. 41.) In an Order dated November 10, 2020, Judge Armstrong construed Petitioner's motion as a request to lift the stay. (ECF No. 43.) Judge Armstrong noted, however, that Petitioner did not amend his petition to add the newly exhausted claims and directed Petitioner to file a second amended

---

[2] As mentioned above, Petitioner is no longer represented by Attorney Baxter, whose request to withdraw as counsel of record was granted on November 12, 2020. (ECF Nos. 42, 44.)

2

petition ("SAP") incorporating both the claims from his amended petition and the newly exhausted claims he intended to raise in federal court. (*Id.* at 1-2.)

On December 7, 2020, Petitioner filed a SAP, setting forth his two additional claims based on newly discovered evidence obtained by Attorney Baxter, consisting of two declarations from key witnesses that testified against him, one from Petitioner's ex-wife, Eva Thompson, and one from his step-daughter, Eva Marcia Johnson Barber, who recanted their trial testimony and state that they testified falsely based on coercion. (ECF No. 45.)

On March 22, 2021, Judge Armstrong denied Petitioner's request to lift the stay on the ground that he had not yet exhausted his state court remedies as to the new claims raised in his SAP. (ECF No. 46.) Although Petitioner did not explicitly request appointment of counsel, insofar as his statements regarding Attorney Baxter constituted such a request, Judge Armstrong denied the same. (*Id.* at n.3.) Finally, Judge Armstrong admonished Petitioner that he "**must act diligently in exhausting his state court remedies**" and provided directives for him to initiate proceedings in the state court and to file quarterly status reports with this Court. (*Id.* at 4-5 (emphasis in original)).

Instead of filing status reports, Petitioner filed a second motion for appointment of counsel, stating that he was unable to pay Attorney Baxter for his services. (ECF No. 47.) Petitioner added that he also suffered from "ongoing health issues and treatments [and he was] not able to continue with [his] court case at this time." (*Id.* at 3.) Judge Armstrong found such allegations unavailing and noted that even while suffering his present "health issues," he came back to federal court, proceeding *pro se*, and filed the SAP to add his new claims. (*Id.* at 4.) Thus, on July 12, 2021, Judge Armstrong his request for appointment of counsel. (ECF No. 48.) Judge Armstrong again directed Petitioner to file quarterly status reports describing the progress of the state court proceedings, and warned him to "**act diligently in exhausting his state court remedies, or the stay will be lifted.**" (*Id.* at 5 (emphasis in original)).

Petitioner has not filed any of the requisite status reports. Instead, as mentioned above, on October 4, 2022, Attorney Baxter filed another Notice of Withdrawal, in which he states: "If the Court elects to appoint counsel for Mr. Thompson, I would consider an appointment." (ECF No. 56 at 1.) Petitioner has also filed another motion for appointment of counsel. (ECF No. 57.)

3

## DISCUSSION

The Sixth Amendment's right to counsel does not apply in habeas corpus actions. *See Knaubert v. Goldsmith*, 791 F.2d 722, 728 (9th Cir. 1986). The Court may, however, appoint counsel to represent a habeas petitioner whenever "the court determines that the interests of justice so require and such person is financially unable to obtain representation." 18 U.S.C. § 3006A(a)(2)(B). The decision to appoint counsel is within the discretion of the district court. *See Chaney v. Lewis*, 801 F.2d 1191, 1196 (9th Cir. 1986); *Knaubert*, 791 F.2d at 728; *Bashor v. Risley*, 730 F.2d 1228, 1234 (9th Cir. 1984).

The Court finds that the appointment of counsel is warranted in this action and that Attorney Baxter is already familiar with the facts of the case, has previously prepared pleadings in support of this habeas matter, and has represented Petitioner in his efforts to exhaust his state court remedies relating to his new claims. Therefore, the Court exercises its discretion to appoint Attorney Baxter to represent Petitioner in this action. Accordingly, Petitioner's motion for appointment of counsel is GRANTED. (ECF No. 57.) Counsel should seek reimbursement pursuant to 18 U.S.C. § 3006A(d) and (e) via the Federal Public Defender's Office.

Because the record shows that Petitioner has not exhausted his state court remedies as to his new claims, IT IS HEREBY ORDERED THAT the stay of proceedings shall continue, and Petitioner shall pursue state court remedies, as directed below.

## CONCLUSION

For the foregoing reasons, the Court orders as follows:

1. Petitioner's motion for appointment of counsel is GRANTED. (ECF No. 57.) The Court exercises its discretion to appoint Joseph Baxter, Esq. (SBN 52205) to represent Petitioner in this action. Counsel should seek reimbursement pursuant to 18 U.S.C. § 3006A(d) and (e) via the Federal Public Defender's Office.

2. The stay of proceedings shall continue, and Petitioner shall pursue state court remedies. **Petitioner must act diligently in exhausting his state court remedies, or the stay may be lifted.** He must file quarterly reports describing the progress of his state court proceedings, commencing **twenty-eight (28) days** from the date of this order and continuing

every **twenty-eight (28) days** thereafter until his state court proceedings are terminated. He must also attach to his status reports copies of the cover page of any document that he files with or receives from the state courts relating to the claims.

3. This matter shall remain administratively closed pending the stay of this action. Nothing further will take place in this action until Petitioner receives a final decision from the highest state court and, within **twenty-eight (28) days** of doing so, moves to reopen the action, lift the Court's stay and amend the stayed petition to add the newly-exhausted claims. *See Rhines v. Weber*, 544 U.S. 269, 278 (2005) (citing *Zarvela v. Artuz*, 254 F.3d 374, 381 (2d Cir. 2001) (stating that such a timeline is normally appropriate)).

4. The Clerk of the Court shall send a copy of this order to Joseph Baxter, Esq., Law Offices of Joseph Baxter, 125 S Main St, # 302, Sebastopol, California 95472-4258, to Petitioner, to the Federal Public Defender, and to Respondent.

5. Acting Warden Gena Jones has been substituted as Respondent pursuant to Rule 25(d) of the Federal Rules of Civil Procedure.

6. This Order terminates Docket No. 57.

**IT IS SO ORDERED.**

Dated: November 4, 2022

JACQUELINE SCOTT CORLEY
United States District Judge

5